UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00256-FDW

| | | |
|---|---|---|
| SARIKO ANTONIO JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on initial review of pro se Plaintiff Sariko Antonio Jones's Complaint (Doc. No. 1), filed May 12, 2017. See 28 U.S.C. §§ 1915A, 1915(e).[1]

**I.     BACKGROUND**

Plaintiff is a prisoner of the State of North Carolina. He brings this Complaint under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, et seq.[2] He names the North Carolina Department of Public Safety ("NCDPS"), and Buford Brown, identified as the Work Release Coordinator for NCDPS, as Defendants.

The Complaint alleges that Defendant Brown required Plaintiff to shave off his beard before Brown would send Plaintiff to a work release job interview. Plaintiff objected on the

---

[1] Plaintiff filed an application to proceed in forma pauperis along with the Complaint. (Doc. No. 2.) On May 12, 2017, the Clerk of Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 5).

[2] The Complaint cites the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, et seq., but in light of the liberal construction requirement for pro se filings, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court construes the Complaint as raising a claim under RLUIPA, which provides a cause of action for state prisoners.

1

grounds that his Muslim faith required that he have a beard. Plaintiff ultimately complied with Brown's directive so that he could go to the interview. (Compl. 3, Doc. No. 1.)

According to the Complaint, Plaintiff was offered a job by a work release employer but had to wait for a work-related document to come through. Defendant Brown, however, refused to send Plaintiff to the job after the document came through. According to Plaintiff, the employer called Brown to ask him to send Plaintiff, but Brown sent other inmates to the job site instead. (Compl. 3-4.)

Plaintiff alleges religious discrimination on the part of Defendant Brown. He seeks punitive damages, as well as injunctive relief.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous," "malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, the Court must determine whether the Complaint raises an "indisputably meritless legal theory," Denton v. Hernandez, 504 U.S. 25, 32 (1992), or is founded upon clearly baseless factual contentions, such as "fantastic or delusional scenarios," Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

### A. The Religious Land Use and Institutionalized Persons Act

RLUIPA provides, in part: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition

2

of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). "RLUIPA thus protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." Cutter v. Wilkinson, 544 U.S. 709, 721 (2005).

Under RLUIPA, a plaintiff must initially show that the challenged policy substantially burdens his exercise of his religion. See 42 U.S.C. § 2000cc-2(b); Holt v. Hobbs, 135 S. Ct. 853, 862 (2015). The statute defines "religious exercise" as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); Smith v. Ozmint, 578 F.3d 246, 251 (4th Cir. 2009). A "'substantial burden' is one that puts substantial pressure on an adherent to modify his behavior and to violate his beliefs, [ ] or one that forces a person to choose between following the precepts of her religion and forfeiting governmental benefits, on the one hand, and abandoning one of the precepts of her religion on the other hand." Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (quotations, citation, and alterations omitted).

The Court finds that Plaintiff has alleged sufficient facts to survive frivolity review of his claims under RLUIPA.

### B. 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Here, Plaintiff alleges a violation of his right to exercise his religion under the First Amendment.

The Free Exercise Clause of the First Amendment states that "Congress shall make no law respecting an establishment of religion." U.S. Const. amend. I. The Supreme Court has

applied the First Amendment to the states through the Fourteenth Amendment. See Everson v. Bd. of Educ., 330 U.S. 1, 15 (1947). To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that he held a sincere religious belief, and that the official action or regulation substantially burdened his exercise of that belief. Hernandez v. Comm'r, 490 U.S. 680, 699 (1989).

The Court finds that Plaintiff has alleged sufficient facts to survive frivolity review of his claims under § 1983.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's claims survive initial review, see 28 U.S.C. §§ 1915(e)(2), 1915A;

2. The Clerk of Court shall send a copy of this Order and blank summons forms to Plaintiff at the address where he is incarcerated;

3. Plaintiff shall complete and return the summons forms to the Clerk of Court within 15 days of entrance of this Order;

4. Using the summonses provided by Plaintiff, the Clerk shall prepare process for delivery and notify the United States Marshal who, pursuant to Fed. R. Civ. P. 4(c)(3), shall serve process upon the named Defendants.

**SO ORDERED.**

Signed: September 12,

Frank D. Whitney
Chief United States District Judge

4